# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WAYNE A. EAUSLIN,**

    Petitioner,

    v.                        Case No. 18-CV-408

**ROBERT HUMPHREYS,**

    Respondent.

## RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS ON RULE 4 REVIEW

Wayne A. Eauslin is currently incarcerated at Kettle Moraine Correctional Institution pursuant to a Wisconsin state-court judgment of conviction. He has filed a federal habeas petition alleging that he is in custody in violation of the Constitution and laws of the United States because his trial lawyer provided ineffective assistance of counsel and the trial court erred during voir dire and in instructing the jury. Because it plainly appears that the petition is untimely, and Mr. Eauslin has not met the standard for equitable tolling, the Court will recommend that the petition be dismissed on preliminary review.

## I.    Factual and Procedural Background

On May 13, 2009, Mr. Eauslin was convicted following a jury trial in Dodge County Circuit Court of first-degree sexual assault, in violation of Wis. Stat. § 948.02. *See* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody 2, ECF No. 1. He was sentenced to sixteen years of initial

confinement and ten years of extended supervision. On February 16, 2011, the Wisconsin Court of Appeals summarily affirmed Mr. Eauslin's judgment of conviction, finding no arguable appellate issues. *See* Appendix B to Pet., ECF No. 1-1 at 3–6. Mr. Eauslin did not seek further review with respect to his direct appeal.

Four years later, Mr. Eauslin sought post-conviction relief in the Wisconsin state courts. On February 17, 2015, he filed a post-conviction motion alleging that his post-conviction lawyer was ineffective for failing to argue that his trial lawyer provided ineffective assistance of counsel and that the trial court erred in instructing the jury. *See* Appendix C to Pet., ECF No. 1-1 at 7. The Circuit Court denied the motion without a hearing. *See* Appendix D to Pet., ECF No. 1-1 at 8. On April 17, 2017, Mr. Eauslin filed a state petition for a writ of habeas corpus requesting the Wisconsin Court of Appeals to reinstate his right to appeal. *See* Appendix E to Pet., ECF No. 1-1 at 9. The Court of Appeals denied his request. *See* Appendix F to Pet., ECF No. 1-1 at 10–12. The Wisconsin Supreme Court denied Mr. Eauslin's petition for review on November 13, 2017. *See* Appendix H to Pet., ECF No. 1-1 at 14.

On March 14, 2018, Mr. Eauslin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was randomly assigned to this Court, and Mr. Eauslin consented to magistrate judge jurisdiction. *See* Consent to Proceed Before a Magistrate Judge, ECF No. 3 (citing 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b)). Mr. Eauslin has paid the $5.00 filing fee. The respondent has not yet appeared in this action.

## II. Discussion

According to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, district courts must promptly review habeas petitions filed pursuant to § 2254. Rule 4 states, in relevant part, as follows:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During this initial review, the Court generally analyzes three issues: whether the petitioner has set forth cognizable constitutional or federal law claims, whether the petitioner has exhausted available state remedies, and whether the petition is timely.

On April 11, 2018, the Court issued an order providing Mr. Eauslin notice that it appeared his Petition was not timely filed within the one-year period of limitation set forth in 28 U.S.C. § 2244(d). *See* Order to Show Cause, ECF No. 4. The Court invited Mr. Eauslin to respond to that preliminary finding. In response, Mr. Eauslin appears to concede that his Petition is untimely under § 2244(d). *See* Petitioner's Response Showing Cause Why the Petition Should Not Be Dismiss As Untimely, ECF No. 5. He nevertheless asks the Court to review the merits of the Petition, claiming that his state lawyers never informed him of his federal time limits and that his access to legal research materials has been limited while incarcerated.

3

### A. Legal standard

The Supreme Court has determined that "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). As such, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The habeas petitioner bears the burden of demonstrating both elements of the *Holland* test." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (citing *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008)). Equitable tolling, however, is "rarely granted." *Carpenter*, 840 F.3d at 870 (quoting *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013)).

### B. Legal analysis

The Court declines to apply equitable tolling here. First, Mr. Eauslin has not been pursuing his rights diligently. After the Wisconsin Court of Appeals denied his direct appeal, Mr. Eauslin waited four years until he sought further relief from the state courts. He has not provided any justification for such a long period of inaction. Thus, Mr. Eauslin did not exercise "reasonable diligence" in pursuing his rights in state court. *Carpenter*, 840 F.3d at 870 (quoting *Holland*, 560 U.S. at 653).

Second, Mr. Eauslin has failed to demonstrate extraordinary circumstances far beyond his control that prevented timely filing in this case. He claims that his state lawyers failed to inform him of the federal habeas corpus deadline and that he has limited law library time at Kettle Moraine Correctional Institution. These

4

allegations, however, do not rise to the level of "extraordinary circumstances" under the second prong of *Holland*. *See Lombardo v. United States*, 860 F.3d 547, 552–54 (7th Cir. 2017) (holding that an attorney's miscalculation of a filing deadline is not sufficient to warrant equitable tolling); *Carpenter*, 840 F.3d at 872 (explaining that "garden variety" claims that "are common parts of prison life" do not qualify as extraordinary) (citations and internal quotation marks omitted); *Saintignon v. Warden*, Cause No. 3:16-CV-462 PPS, 2018 U.S. Dist. LEXIS 39831, at *2 (N.D. Ind. Mar. 12, 2018) ("[T]he failure of post-conviction relief counsel to advise [the petitioner] of the one-year limitations period for federal habeas proceedings does not constitute an extraordinary circumstance."). Even assuming that Mr. Eauslin's state lawyers did fail to inform him of his federal filing deadline, the Petition is still approximately six years too late. Surely counsel's alleged failure to inform is not wholly to blame for Mr. Eauslin sitting on his rights that entire time.

### III. Conclusion

Accordingly, it plainly appears that Mr. Eauslin is not entitled to relief in the district court. The Court also finds that Mr. Eauslin is not entitled to a certificate of appealability, as he has failed to make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of the Rules Governing Section 2254 Cases. This is so because Mr. Eauslin has not demonstrated "that jurists of reason could disagree with the . . . court's resolution of his constitutional claims or that jurists could conclude the issues presented are

5

adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, I cannot order the entry of judgment in this action. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017). The matter therefore will be referred to a district judge for review of my recommendations that: (1) Mr. Eauslin's Petition be dismissed; (2) this action be dismissed; (3) a certificate of appealability be denied; (4) the Clerk of Court enter judgment accordingly.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that Wayne A. Eauslin's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody, ECF No. 1, be **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

**FINALLY, IT IS RECOMMENDED** that the Clerk of Court to enter judgment accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely

objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 9th day of May, 2018.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge